# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 22-59-RGA |
| ) | |
| ELADIO OTERO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Kevin P. Pierce Assistant United States Attorney, and the defendant, Eladio Otero, by and through his attorney, James Brose, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Information. Count One of the Information charges him with Use of Communication Facility in Causing or Facilitating the Commission of Felonies Under the Controlled Substances Act or the Controlled Substances Import and Export Act, in violation of 21 U.S.C. §§ 843(b). The maximum penalties for this offense are: 4 years of imprisonment; a fine of $30,000; 3 years of supervised release; and a $100 special assessment.

2. The Defendant understands that if there were a trial with regard to Count One of the Information, the government would have to prove the following elements beyond a reasonable doubt: The defendant knowingly used a cellular telephone, which is a communication facility and (2) the defendant acted with the

intent to commit, cause or facilitate the commission of a drug felony, namely Drug Conspiracy, in violation of 21 U.S.C. § 846.

3. The defendant is pleading guilty to Count One of the Indictment because he is, in fact, guilty.

4. Pursuant to Section 6B1.4 of the November 1, 2021, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

> a. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and

departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

5. The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory minimum and maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. The defendant agrees to forfeit any and all interests in the following: (a) property constituting or derived from proceeds obtained, directly or indirectly, from the violation set forth in Count One, pursuant to 21 U.S.C. § 853; (b) property that in

any way facilitated, or was intended to facilitate, the commission of the violation set forth in Count One pursuant to 21 U.S.C. § 853; and (c) any property forfeitable pursuant to 21 U.S.C. § 881 (collectively, "the Property"). The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

8. In exchange for the promises made by the government in entering this plea agreement, the defendant knows that he has, and voluntarily and expressly waives, the right to appeal or collaterally attack his conviction, sentence, or any other

matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding the foregoing, the defendant reserves the right to (1) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) appeal his sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

9. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One and Five, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

10. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

11. It is further agreed by the undersigned parties that this Memorandum — together with sealed Attachment A — supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

DAVID C. WEISS
UNITED STATES ATTORNEY

_____
James Brose, Esquire
Attorney for Defendant

By: _____
Kevin P. Pierce
Assistant United States Attorney

_____
Eladio Otero, Defendant

Dated: __2/1/23__

AND NOW, this __1st__ day of __February__, 2023 the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

6